**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>FERNANDO RAMIREZ,<br><br>Defendant. | Case No. 26-CR-104-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

On May 19, 2026, Defendant Fernando Ramirez ("Ramirez") was indicted for distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 5. On August 25, 2026, Ramirez filed a motion to suppress evidence, ECF No. 28. The Government filed a response to the motion and argued that the motion should be denied as moot. ECF No. 30. On September 4, 2026, Magistrate Judge Nancy Joseph issued a report and recommendation (the "R&R"), recommending that this Court deny Ramirez's motion to suppress as moot. ECF No. 31. No party has objected to the R&R, and it is accordingly ripe for the Court's consideration. For the reasons explained below, the Court will adopt the R&R and deny Ramirez's motion to suppress as moot.

## 2. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court is obliged to analyze de novo "those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *See id.*; *see also* FED. R. CRIM. P. 59(b)(2). "Portions of a recommendation to which no party objects are reviewed for clear error." *United States v. Musgrove*, 845 F. Supp. 2d 932, 937 (E.D. Wis. 2011) (citing *Johnson v. Zema Sys. Corp.*, 170 F.2d 734, 739 (7th Cir. 1999)).

**3. BACKGROUND**

Ramirez moves to suppress evidence obtained during the May 12, 2026, search on his California residence and evidence derived from that search. ECF No. 28 at 1. Ramirez specifically seeks to exclude a multi-colored suitcase found during the search. *Id.* at 6. He argues that the warrant identified the residence as a "multi-family" building, but failed to identify what unit, apartment, or floor was associated with Ramirez. *Id.* at 1–2.

The Government argues that the motion should be denied as moot, since the parties have reached an agreement regarding the evidence from the May 12, 2026 search. ECF No. 30. The Government states that they have conferred with Ramirez's counsel regarding the motion and "have agreed that: (1) the United States will not use as evidence law enforcement's observations of said suitcase or any other physical evidence observed or recovered during the residential search. Of note, the parties have not identified any fruit of the residential search beyond the items observed and/or photographed within the residence; (2) that Ramirez's cellular telephone was lawfully recovered from his person following his arrest on the federal arrest warrant, is not fruit of the residential search warrant, and is therefore admissible; and (3) as a result of the parties' agreement, the defense motion is moot." *Id.*

**4. ANALYSIS**

Magistrate Judge Joseph's R&R recommends that considering the parties' agreement, Ramirez's motion to suppress be denied as moot. ECF No. 31. This Court, reviewing for clear error, finds no reason as to why it should not adopt Magistrate Judge Joseph's recommendation. The Government has agreed to not use the evidence Ramirez seeks to suppress and has not identified "any fruit of the residential search beyond the items observed and/or photographed." ECF No. 30 at 2. Thus, the relief Ramirez seeks in his motion has already been resolved by the parties' mutual agreement.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation, ECF No. 31, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Defendant Fernando Ramirez's motion to suppress, ECF No. 28, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 16th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge